IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CAROL HOBSON**                                                   **PLAINTIFF**

**VERSUS**                           **CIVIL ACTION NO. 3:14CV720-DPJ-FKB**

**DOLGENCORP, LLC D/B/A**
**DOLLAR GENERAL STORE NO. 7941**                         **DEFENDANT**

### NOTICE OF 30(b)(6) DEPOSITION
### WITH REQUEST FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that the Plaintiff will take the deposition upon oral examination of the corporate Defendant Dolgencorp, LLC D/B/A Dollar General Store No. 7941, pursuant to and for all purposes allowed under Rule 30(b)(6) of the Mississippi Rules of Civil Procedure. The deposition will take place on a date and at a time to be determined later. The deposition will continue from day to day until completed and you are invited to attend and participate as you deem appropriate.

The corporate Defendant Dolgencorp, LLC D/B/A Dollar General Store No. 7941, shall designate one or more officers, agents or other persons who can testify on behalf of Defendant Dolgencorp, LLC D/B/A Dollar General Store No. 7941, with respect to the following matters:

1. Policy and/or Operating Procedures at Dollar General Store No. 7941 on May 29, 2014 as it relates to the handling of persons, such as Plaintiff, who are suspected of shoplifting.

2. Any claims, demands made, or civil suits filed against Dolgencorp, LLC D/B/A Dollar General Store No. 7941, or any other persons, employees, agents or entities in connection with incidents of persons accused of shoplifting at Dollar General Store No. 7941 for a five year period prior to May 29, 2014.

3. Defendant's call for service to the Jackson Mississippi Police Department for Dollar General Store No. 7941 on May 29, 2014.

4. Education, training and experience of Defendant's 30(b)(6) designee.

5. Where in the organization does that 30(b)(6) designee sit- to whom does the designee report and who reports to the designee.

6. Steps taken by the designee to prepare for deposition, including documents reviewed.

7. Any insurance liability coverage of Dolgencorp, LLC D/B/A Dollar General Store No. 7941 which may be liable for the satisfaction of any of the claims made by Plaintiff

8. Dolgencorp, LLC d/b/a Dollar General Store No. 7941, business experience, practices, policy, and philosophy regarding the use of store employees, video surveillance devices and/or security services for the detection of shoplifting.

9. Defendant's police on detaining persons suspected of shoplifting to await the arrival of police.

10. The matters pled and/or alleged in the Complaint filed in this cause.

11. The incident, of May 29, 2014 involving Plaintiff Carol Hobson at Dollar General Store No. 7941.

12. Complaints by invitees, customers, or patrons regarding being detained while Defendant Dollar General Store No. 7941 investigated suspicion of shoplifting prior to May 20, 2014.

13. Written policies regarding handling of persons suspected of shoplifting in effect on May 20, 2014, and for a period of 12 months prior thereto.

14. Defendant's policy on store employees confronting and accusing store invitees/ customers of shoplifting.

15. Video surveillance equipment, its operation, storage of images, preservation of images captured on the video surveillance equipment, disposal of images, and for any and all images captured on May 29, 2014.

16. Defendant's policy on banning person's accused of shoplifting from its stores, in particular, Dollar General Store No. 7941.

17. Employees, their respective job titles and duties, working at Dollar General Store No. 7941 on May 20, 2014.

18. Defendant's investigation of the May 20, 2014 incident involving Carol Hobson.

19. Details about storing and retrieving video images.

20. Details about video recording equipment, make and manufacturer of the video recording equipment in use by the Defendant on May 20, 2014.

## REQUEST FOR PRODUCTION OF DOCUMENTS

In addition to appearing at the deposition, you are commanded to bring with you to the deposition all notes, correspondence, memoranda, scratch paper, or any other form of written or recorded information which relates the following:

1. Produce copies of any and all statements taken of store employees or witnesses to the incident of May 29, 2014, and a copy of the same.

2. Logs and/or listings of any and all audio or video recordings of the events and images involving Carol Hobson recorded by Defendant's Dollar General Store No. 7941 on May 29, 2014.

3

3. Copies of any and all documents and things given to, or turned over to law enforcement officers regarding the incident of May 29, 2014.

4. Copies of documents which would show the make, model, serial number and owner of all video surveillance equipment operating in Defendant's Dollar General Store No. 7941 on May 29, 2014.

5. Any and all documents, reports, memoranda, notes, recordings, or statements of any kind by any person or entity which refer or relate to the incident of May 29, 2014. Excluded from this request are Attorney/ Client Privilege documents.

6. Activity log documenting all alterations or deletions to any video recording device operating in Defendant's Dollar General Store No. 7941 on May 29, 2014.

7. Any and all manuals, handbooks, policies, procedures, pamphlets, memos, or other documents relating to the stopping, confronting, detaining, questioning and /or reporting of persons suspected of shoplifting.

8. All video recordings which show the images of the Carol Hobson in Defendant's Dollar General Store No. 7941 on May 29, 2014.

9. Produce documents showing the name and address of every employee working at Dollar General Store No. 7941 on May 29, 2014.

CAROL HOBSON, Plaintiff

BY: *(signature)*

EDWARD BLACKMON, JR., MSB #3354

OF COUNSEL:

Bradford J. Blackmon, MSB#104848
Janessa E. Blackmon, MSB# 101544
BLACKMON & BLACKMON, PLLC
907 West Peace Street

4

Post Office Drawer 105
Canton, Mississippi 39046
Telephone: (601) 859-1567
Facsimile: (601) 859-2311

## CERTIFICATE OF SERVICE

I, Edward Blackmon Jr., attorney for the Plaintiff, do hereby certify that I have this day, caused to be mailed, via U.S. Mail postage prepaid, a true and correct copy of the foregoing *Notice of 30(b)(6) Deposition with Production of Documents* to the following counsel of record:

> Adam V. Griffin, Esq.
> Dale G. Russell, Esq.
> COPELAND, COOK, TAYLOR & BUSH, P.A.
> 600 Concourse, Suite 100
> 1076 Highland Colony Parkway
> Ridgeland, Mississippi 39158
> Post Office Box 6020
> Ridgeland, Mississippi 39158

This the 16th day of April, 2015

_____
EDWARD BLACKMON, JR.

Z:\oldFiles\PREMISES.LIA\Carol Hobson v. Dollar General Store\30(b)(60) 4.15.15.docx