UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CAROL HOBSON                                                                                            PLAINTIFF

V.                                                                       CIVIL ACTION NO. 3:14CV720 DPJ-FKB

DOLGENCORP, LLC d/b/a
DOLLAR GENERAL STORE                                                                         DEFENDANT

ORDER

This tort action is before the Court on Defendant Dollar General Store's ("Dollar General") motion for summary judgment [32] pursuant to Federal Rule of Civil Procedure 56. Plaintiff Carol Hobson has responded in opposition. The Court, having considered the submissions of the parties, finds that Defendant's motion should be granted as to the false arrest/imprisonment claim but otherwise denied.

I.      Factual Background

Plaintiff Carol Hobson filed this suit against Dollar General alleging claims of defamation, intentional infliction of emotional distress, and false arrest/imprisonment stemming from an accusation of shoplifting. According to Hobson's Complaint, Dollar General employee Akedra Atkins stopped her in the store and asked to search her purse, believing it contained stolen merchandise. Hobson refused and Atkins instructed store employee Calvin Brooks to stand in the aisle and watch Hobson while she called the police. Approximately thirty minutes later, a police officer arrived and performed an item-by-item search of Hobson's purse in full view of other shoppers, ultimately absolving her. The officer then escorted Hobson out of the store and told her "that at the request of store management, she was banned from ever entering the store again." Compl. [1-2] at 3.

Embarrassed and humiliated by Dollar General's handling of the incident, Hobson filed this suit in state court seeking compensatory and punitive damages. Dollar General removed the action to this Court based on diversity jurisdiction. It now moves for summary judgment as to each of Hobson's claims.

II.     Summary Judgment Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic

2

arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III.     Analysis

Dollar General attacks Hobson's claims using two approaches.  First, it contends that Mississippi's shopkeeper's privilege renders it immune from liability.  Second, it insists that Hobson cannot satisfy the elements of her claims of slander, intentional infliction of emotional distress, and false arrest/imprisonment.

A.     Shopkeeper's Privilege

Mississippi Code Section 97-23-95 provides "a shield from civil liability for merchants who question suspected shoplifters, so long as the questioning is done '(1) in good faith, (2) with probable cause, and (3) in a reasonable manner.'"  *Scott v. Spencer Gifts, LLC*, No. 1:14–CV–00037–SA–DAS, 2015 WL 4205242, at *3 (N.D. Miss. July 10, 2015) (quoting *Boone v. Wal-Mart Stores, Inc.*, 680 So. 2d 844, 847 (Miss. 1996)).  The burden of proof lies with the party asserting the privilege.  *Id.*  And a finding that the shopkeeper's "questioning was conducted unreasonably will alone be sufficient to defeat" the privilege.  *Id.*

In *J.C. Penney Co. v. Cox*, the shopkeeper approached a suspected shoplifter and ordered her to open her purse and display its contents on the steps of the store—in front of other customers—in an attempt to reveal stolen merchandise.  148 So. 2d 679, 681 (Miss. 1963).  The Mississippi Supreme Court affirmed a jury verdict against the shopkeeper, concluding "that the appellant exceeded [its] authority in this case."  *Id.* at 684.  The Court observed that the privilege "does not give the merchant the right to embarrass or harass individuals suspected, in public

3

view of every one, in a rude manner." *Id.* at 685. In reaching that conclusion, the *Cox* court contrasted *Scott-Burr Stores Corp. et al. v. Edgar*, 177 So. 766 (Miss. 1938), where the shopkeeper questioned the suspected shoplifter in private. *See Cox*, 148 So. 2d at 683.

Here, the facts resemble *Cox*, not *Edgar*. According to Hobson, Atkins "yelled . . . 'stop her'" and then accused Hobson of putting merchandise in her bag. Hobson Dep. [34-1] at 20.[1] An item-by-item search of Hobson's purse was later performed in the middle of the aisle, and once exonerated, Hobson was escorted out of the store and told not to return. These events occurred in the store and in full view of other customers who, according to Hobson, were "looking at [her]." *Id.* at 22. Hobson felt embarrassed and humiliated by all of this and would have preferred for the exchange to take place in a back room, where she "would have had a better chance of nobody seeing [her]." *Id.* at 27.

Accordingly, the Court finds a question of fact as to whether Defendant exceeded the shopkeeper privilege. *See Scott*, 2015 WL 4205242, at *3 (finding genuine factual dispute as to whether shopkeeper's questioning was conducted in reasonable manner); *Boone*, 680 So. 2d at 848 (finding jury question whether questioning in front of store was reasonable); *Sw. Drug Stores of Miss., Inc. v. Garner*, 195 So. 2d 837, 839 (Miss. 1967) (finding jury question where accusor was allegedly loud and rude, and noting that privilege may be lost "by the manner of its exercise, although belief in the truth of the charge exists"). Summary judgment based on the shopkeeper's privilege is denied.

---

[1] CMECF pagination.

B.      Hobson's Claims

1.      Slander[2]

Hobson contends that Dollar General committed slander by falsely accusing her of stealing in a rude and loud manner such that other customers in the store overheard.  To succeed, Hobson must prove the following elements: "(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and, (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication."  *Blake v. Gannett Co., Inc.*, 529 So. 2d 595, 602 (Miss. 1988).  Dollar general attacks Hobson's case on the first, second, and fourth elements, but the arguments as to the first and fourth tend to merge.

Starting with the existence, *vel non*, of a false and defamatory statement, Dollar General observes that its employees never called Hobson a "thief" or used the word "stealing."  Def.'s Mem. [33] at 4.  In its Reply, Dollar General explains that the absence of such direct accusations is critical because Hobson has not shown special harm and must therefore show slander per se.  Def.'s Reply [37] at 2.  While special harm may be lacking, the Court finds a jury question as to whether the words used constitute slander per se.

Under Mississippi law, certain "slanders [ ] are actionable per se and need no special harm."  *Speed v. Scott*, 787 So. 2d 626, 632 (Miss. 2001) (en banc) (citation omitted).  Among the recognized categories of statements that constitute slander per se are "[w]ords imputing the guilt or commission of some criminal offense involving moral turpitude and infamous

---

[2]Plaintiff's Complaint lists her cause of action as "Defamation," and the parties properly analyze the claim as an oral defamation, also known as "slander."  Compl. [1-2] at 4; *see Speed v. Scott*, 787 So. 2d 626, 631 (Miss. 2001).

punishment." *Id.* This standard does not, as Dollar General suggests, require magic words like "thief" or "stealing." The question instead is whether the record, when viewed in a light most favorable to Hobson, would allow a jury to conclude that the "words imput[ed]" guilt or the commission of a crime. *Id.*

The words allegedly used in this case would allow that conclusion. According to Hobson, Atkins "yelled . . . 'stop her'" to a co-worker, and then said in a loud voice, "I saw you put it in your bag." Hobson Dep. [34-1] at 20. When Hobson refused to allow a search, Atkins allegedly stated, "Well, I'm calling the police," to which Hobson responded, "Well, call the police." *Id.* Even Akins agreed in her deposition testimony that when she approached Hobson in the store, she was "accusing her of having placed store items in her purse." Atkins Dep. [34-1] at 10. She also testified that she called Dollar General's security company from a direct line positioned at a busy cash register, *id.* at 11–14, and that she reported that she "had a young lady that was shoplifting." *Id.* at 13. The fact that Atkins never said the words "thief" or "stealing" is not fatal to Hobson's slander claim; summary judgment is inappropriate on this basis.

Dollar General next contends that the shoplifting accusation is not slander per se because it would not result in a felony offense. Def.'s Reply [37] at 3. The Honorable Sharion Aycock rejected this same argument in *Scott*, noting that "opinions from this Court and the Mississippi Supreme Court make clear that false accusations of shoplifting rise to the level of slander per se." 2015 WL 4205242, at *4 (collecting cases). Judge Aycock was correct. As the Mississippi Supreme Court stated in *Garner*, "To accuse one of stealing is actionable per se, and no testimony is required to show the meaning of the words." 195 So. 2d at 841; *see also Boone*, 680 So. 2d at 848 n.2 (reversing verdict in favor of the defendant merchant and stating, "[w]e

6

find it noteworthy that many of the allegedly stolen items in our defamation cases deal with [] minor sundries").

Dollar General next attacks the publication prong by arguing that Hobson has no proof its employees made any false statement to a third party. This element is admittedly a closer call, but Hobson did testify that Atkins "yelled . . . 'stop her'"; that other shoppers were in the immediate vicinity; and that other shoppers were looking at Hobson during the incident. Hobson Dep. [34-1] at 20, 22, 24–25. More specifically, Hobson recalled hearing other customers nearby and commented, "I don't know who all on the other aisles heard it. She was very loud. I mean, I'm sure her voice carried over the store." *Id.* at 28. Atkins confirmed that the store was busy, and that she called security from a phone line at a busy cash register. Atkins Dep. [34-1] at 11–14. Finally, Hobson added that the customers at that register were "looking at" her during the incident. Hobson Dep. [34-1] at 23.

In *Garner*, the defendant storekeeper appealed an adverse jury verdict, arguing in part that no witnesses testified as to their understanding of what they heard. 195 So. 2d at 840. The Mississippi Supreme Court rejected the argument, finding a jury question as long as "the facts and circumstances would entitle the jury to believe that [other customers] heard and understood the same." *Id*. at 841 (citation omitted).

There is sufficient circumstantial evidence in this case that other customers heard and understood what was said. *Id.*; *see also Scott*, 2015 WL 4205242, at *2 (finding the statement that "if he don't have it then she's got it" to a suspected shoplifter in a back storeroom in front of a security guard satisfied the publication element). Summary judgment is denied as to the slander claim.

      2.  Intentional Infliction of Emotional Distress

To maintain a claim for intentional infliction of emotional distress, Dollar General's conduct must be "wanton and willful and . . . evoke outrage or revulsion." *Speed*, 787 So. 2d at 630 (quoting *Leaf River Forest Prods., Inc. v. Ferguson*, 662 So. 2d 648, 659 (Miss. 1995)) (internal quotation marks omitted). "The inquiry focuses on the conduct of the defendant rather than the physiological condition of the plaintiff." *Jenkins v. City of Grenada, Miss.*, 813 F. Supp. 443, 446 (N.D. Miss. 1993). And, as Hobson concedes, "[m]eeting the requisite elements for a claim for intentional infliction of emotional distress is a tall order in Mississippi." *Id.*; *see also Scott*, 787 So. 2d at 630.

Considering the evidence in the light most favorable to Hobson, the Court finds that questions of fact also preclude summary judgment on this claim. Atkins and Brooks confronted Hobson in the aisle of the Dollar General store, accused her of placing items in her purse with the goal of shoplifting, and demanded that she turn over her purse. Hobson Dep. [34-1] at 20. While waiting for the police to arrive, Atkins instructed Brooks to "watch" Hobson, leaving them standing in the aisle for close to thirty minutes. Hobson Dep. [36] at 3. The police conducted an item-by-item search of her purse in the aisle, removing each of Hobson's possessions and asking store employees, "Is this yours?" Hobson Dep. [34-1] at 21. Once the police finished the inventory, Hobson asked if she could complete her intended purchase. *Id.* at 22. Despite the fact that Hobson had not shoplifted, Dollar General refused and had her escorted from the store, past other shoppers, with instructions not to enter the store ever again. *Id.*

All of this took place within the store, in full view of other patrons. *Id.* At no time did employees offer to conduct the search in the back room. *Id.* at 27. Hobson testified that

8

customers in the store and at the cash register were looking at her. *Id.* at 22–23. She was embarrassed and afraid someone might record the incident and publish the video on social media. *Id.* at 22–23. After leaving the store, she pulled her car into a nearby parking lot and broke down in tears. *Id.* at 23.

While proving a claim of intentional infliction of emotion distress is a "tall order" and these facts may not ultimately support such a claim, the Court nevertheless finds sufficient evidence exists to present the claim to a jury. *See Gamble v. Dollar General Corp.*, 852 So. 2d 5, 12–13 (Miss. 2003) (finding jury issue where defendant's handling of suspected shoplifter was "confrontational, physical, demeaning, and embarrassing"). Summary judgment on Hobson's intentional-infliction-of-emotional-distress claim is denied.

3.     False Arrest/Imprisonment

In its motion for summary judgment, Dollar General contends that Hobson cannot make out a claim for false arrest or imprisonment because she was never arrested, detained, or restrained. In response, Hobson argues against the application of the shopkeeper's privilege, but fails to substantively address this claim. The Court concludes that Hobson has not met her burden under Rule 56(c).

To show false imprisonment on the part of Dollar General, Hobson must prove that she was: "(1) detained and (2) that such detainment was unlawful." *Mayweather v. Isle of Capri Casino*, 996 So. 2d 136, 140 (Miss. Ct. App. 2008).[3] "The circumstances merely that one

---

[3]"False arrest is an intentional tort, arising when one causes another to be arrested falsely, unlawfully, maliciously and without probable cause." *City of Mound Bayou v. Johnson*, 562 So.2d 1212, 1218 (Miss. 1990). Because Hobson was not arrested, her claim is better described as one for false imprisonment. Moreover, because the elements of false arrest and false imprisonment are essentially identical, the distinction is inconsequential. *See Hart v. Walker*,

considers himself restrained in his person is not sufficient to constitute false imprisonment unless it is shown that there was a reasonable ground to have believed defendant would resort to force if plaintiff attempted to assert her right to freedom." *Id.* at 141 (quoting *Martin v. Santora*, 199 So. 2d 63, 65 (Miss. 1967) (internal quotation marks omitted)).

Dollar General submits that Hobson cannot show actual detention. Hobson declined Atkins' request to search her purse and told her to go ahead and call the police. As a result, Hobson waited until the officer arrived. Dollar General points out that Hobson never tried to leave the store and she was never told she could not leave. At most, Hobson testified that Atkins told Brooks to "watch her" and "[d]on't let her move," Hobson Dep. [34-1] at 21, but even if she was told she could not leave, the "submission to the mere verbal direction of another, unaccompanied by force or by threats of any character, cannot constitute a false imprisonment . . . ." *Martin*, 199 So. 2d at 65; *see Mayweather*, 996 So. 2d at 141 (noting that plaintiff's "testimony that one of the officers sat in front of the door while she was questioned is not enough to show a reasonable apprehension of force, especially considering that she willingly accompanied security to the interview room and never attempted to or asked to leave").

Ultimately, Hobson offers no substantive response to Dollar General's arguments regarding detention. Because Hobson has not come forward with evidence to counter Dollar General's proof that she was not detained, summary judgment as to her false-imprisonment claim is appropriate.

---

720 F.2d 1436, 1439 (5th Cir. 1983) (setting out the elements of "false arrest or imprisonment").

IV.     Conclusion

The Court has considered all arguments advanced by the parties; those not specifically addressed would not have changed the Court's holding.

Based on the foregoing, the Court finds that Dollar General's motion should be granted as to Plaintiff's false arrest/imprisonment claim and denied as to Plaintiff's slander and intentional-infliction-of-emotional-distress claims.

**SO ORDERED AND ADJUDGED** this the 23th day of October, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE
